## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN L. WAY, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Case No. 11-841 (RJL) |
| | ) | |
| SIMON T. WAINWRIGHT, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

This habeas corpus case arises out of the revocation of Petitioner's parole: Petitioner claims that his parole was unconstitutionally revoked when he was discharged from the Court Services and Offenders Supervision Agency's Secure Residential Treatment Program ("SRTP"). Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in Violation of Constitutional Amendments Due Process Rights, Equal Protection, and Discrimination Rights, District of Columbia Human Rights Act of 1977 D.C. Official Code 2.1401(a)(b), at 3, ECF No. 1 [hereinafter Pet.]. Petitioner had been paroled from his imprisonment for convictions by the Superior Court of the District of Columbia for robbery and fraud. Federal Respondents' Motion to Dismiss as Moot Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in Violation of Constitutional Amendments Due Process Rights, Equal Protection, and Discrimination Rights, District of Columbia Human Rights Act of 1977 D.C. Official Code 2.1401(a)(b), at 2, ECF No. 15 [hereinafter Federal Resp'ts' Mot.]. Petitioner contends that the revocation of his parole and his discharge from SRTP violated his "Constitutional Guarantee Due Process Rights, Equal Protection Rights, and Sexual Discrimination Rights Amendments and the District of Columbia

Human Rights Act of 1977." Pet. at 4. He requests "release . . . from further custody" and reinstatement of "parole as originally planned." *Id.* at 13.

Petitioner has already received the relief he requests: On July 24, 2011, Petitioner was reparoled. Federal Resp'ts' Mot. at 3; *see* Certificate of Parole, ECF No. 15-11. Petitioner's petition is therefore moot, and the Court therefore lacks jurisdiction over this case, unless there are some "continuing collateral consequences" attributable to the denial of Petitioner's parole. *Kimberlin v. U.S. Parole Com'n*, No. 03-5017, 2004 WL 885215, *1 (D.C. Cir. Apr. 24, 2004) (citing *Spencer v. Kemna*, 523 U.S. 9 (1998)). It does not appear that Petitioner has suffered or is suffering any collateral consequences from the revocation of his parole, particularly considering that upon reparole, Petitioner was "credited for all the time spent on parole" before his parole was revoked. Federal Resp'ts' Mot. at 6. Accordingly, in a separate order to issue this date, the Court will dismiss this case.[1]

DATE: _12/16_____, 2011.

RICHARD J. LEON
United States District Judge

---

[1] The pending motion to dismiss, however, will not be granted. *See* Federal Resp'ts' Mot. That motion was filed by several respondents who were dismissed from this case before they filed that motion; the only remaining respondent in this case is Simon T. Wainwright, Petitioner's warden. *See* Am. Mem. Order at 2, ECF No. 7. Accordingly, that motion is moot and will not be granted. However, because Warden Wainwright relies on that moot motion, *see* Respondent Simon T. Wainwright's Response to the Court's Order to Show Cause at 2, ECF No. 16, the Court has nonetheless considered arguments made therein.